Kristen T. Gallagher, Esq. (NSBN 9561)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
kgallagher@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER BASILE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KIRSTEN NOVAK,<br><br>　　　　　Defendant. | Case No: 2:19-cv-00429-JAD-BNW<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

　　　　Plaintiff Christopher Basile ("Basile") and defendant Kirsten Novak ("Novak" and with Basile, the "Parties"), by and through their respective counsel of record, hereby stipulate, agree and respectfully request that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, an order be entered as follows:

　　　　1.　　In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

　　　　　　　a.　　"Proceeding" means the proceeding entitled <u>Christopher Basile adv. Kirsten Novak,</u> Case No. 2:19-cv-00429-JAD-BNW.

　　　　　　　c.　　"Material" means any documents, testimony, information or tangible items produced, provided or created in connection with this Proceeding.

　　　　　　　d.　　"Confidential Material" means any documents, testimony, information or tangible items produced, provided or created in connection with this Proceeding that are

reasonably and in good faith believed by a Designating Party to contain trade secrets, proprietary business information, competitively sensitive information, personal or private financial information, health information, or any other information the disclosure of which would, in the reasonable and good faith judgment of the Designating Party, be detrimental to its livelihood and reputation, or the conduct of its business.

  e. "Designating Party" means the Party that designates Material as "Confidential."

  f. "Disclose" or "Disclosed" or "Disclosure" means to produce, provide, reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein, in connection with this Proceeding.

  g. "Document" means any discoverable item pursuant to the Federal Rules of Civil Procedure that has been or will be produced (i) before discovery for settlement purposes, or in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

  h. "Information" means the content of documents, testimony or tangible items.

  i. "Testimony" means all depositions, declarations, affidavits, or other testimony taken during or generated in connection with this Proceeding.

 2. All material received by any Party pursuant to a discovery request, subpoena, court order, Federal Rule of Civil Procedure, or by any other means within the context of this Proceeding, whether such Material is designated as Confidential Material or not, shall be used solely for the purposes of the prosecution, defense and/or settlement of this Proceeding, including any appeals, and shall not be used for any other purpose whatsoever, including, without limitation, any other litigation or proceedings or any business, competitive or private or purpose or function. However, notwithstanding any other paragraph of this Stipulation and Protective Order, no Party shall be restricted by this Stipulation and Protective Order in dealing as it chooses with any material that was rightfully in its possession prior to receiving such material in discovery in this proceeding

3. The Designating Party shall have the right to designate as "Confidential" any documents, testimony, information or tangible items that the Designating Party reasonably and in good faith believes to contain trade secrets, proprietary business information, competitively sensitive information, personal or private financial information, or health information.

4. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

5. Any documents, testimony, information or tangible items to be designated as "Confidential" must be clearly so designated before the document, testimony, information or tangible item is disclosed or produced. The means of designating documents, testimony, information and tangible items as confidential is as follows:

    a. For documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any document containing such designated Confidential Material. The "Confidential" legend should not obscure or interfere with the legibility of the designated documents.

    b. For testimony given in depositions, all transcripts of depositions and exhibits thereto shall, in their entirety, be treated as Confidential Material for a period of 30 days after such transcripts are actually received by counsel for each of the parties, and the initial transcripts (including the exhibits thereto) prepared by the court reporter shall be designated Confidential Material and shall contain the legend "Confidential" at the top of each page. During the 30-day period following receipt of a transcript by counsel for each of the parties, the transcripts and exhibits thereto may be designated in whole or in part as Confidential Material pursuant to the terms of this Stipulation and Protective Order by notifying all counsel in writing. At the conclusion of the 30-day period, the court reporter shall prepare final transcripts in which the non-Confidential and Confidential sections are separately bound, unless during the 30-day period the Parties agree that it shall be unnecessary for such final transcripts to be prepared. Additionally,

1 during a deposition, counsel for a party or the witness may designate the testimony or the exhibits being discussed as "Confidential" based on the reasonable and good faith view that the testimony and/or exhibits contain trade secrets, proprietary business information, competitively sensitive information, personal or private financial information, or health information. If such a designation is made during a deposition, only the court reporter and those persons who are authorized by the terms of this Stipulation and Protective Order may be present.

      c.     For information produced in some form other than documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential." If only portions of the information or tangible item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions by means of a letter to all counsel.

      6.     The inadvertent production by any of the undersigned Parties or non-Parties to this Proceeding of any document, testimony, information or tangible item during discovery in the Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any document, testimony, information or tangible item that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party or non-Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production (the "Inadvertent Production Notice"), together with a further copy of the subject document, testimony, information or tangible item designated as "Confidential." Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced document, testimony, information or tangible item shall promptly destroy the inadvertently produced document, testimony, information or tangible item and all copies thereof, or, at the expense of the producing Party or non-Party, shall return such together with all copies of such document, testimony, information or tangible item to counsel for the producing Party or non-Party and retain only the version of the document, testimony, information or tangible item that contains the "Confidential"

legend. Should the receiving Party choose to destroy such inadvertently produced documents, testimony, information or tangible items, the receiving Party shall notify the producing Party or non-Party in writing of such destruction within ten (10) days of receipt of the Inadvertent Production Notice. This provision is not intended to apply to any inadvertent production of any information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of documents, testimony, information or tangible items, such law shall govern.

7. In the event that counsel for a Party receiving documents, testimony, information or tangible items designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific documents, testimony, information or tangible items to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have five (5) business days from receipt of the written Designation Objections to either (a) agree in writing to de-designate documents, testimony, information or tangible items pursuant to any or all of the Designation Objections, or (b) indicate in writing that the Designating Party continues to assert that such items are properly designated as "Confidential," and set forth the basis for the designation. If counsel for the Party that objected to the "Confidential" designation continues to object to that designation, then such Party may move for an order determining that the documents, testimony, information or tangible items were not properly designated (the "De-Designation Motion"). Pending a resolution of the De-Designation Motion by the Court, any and all existing designations on the documents, testimony, information or tangible items at issue in such motion shall remain in place.

8. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    a. this Court and its staff;

    b. the attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff;

c. in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel, provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that such Materials may not be Disclosed other than pursuant to its terms;

d. the Parties and those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of the Stipulation and Protective Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. Counsel making disclosure of Confidential Material to any such officer, director, partner, member, employee or agent of a non-designating Party shall retain the original executed copy of said statement until no less than one year following the termination of this litigation.

e. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

f. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

g. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall sign Exhibit A attached hereto and be advised that such Confidential Materials are being disclosed pursuant to, and are subject to the terms of, this Stipulation and Protective Order and that such Confidential Materials may not be disclosed other than pursuant to its terms;

h. outside experts or consultants (including, without limitation, any imaging or other litigation support vendor) retained by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the disclosure of Confidential Materials to any such expert or consultant, counsel for the Party making the disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

i. any other person that the Designating Party agrees to in writing.

9. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

10. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a. operate as an admission by any person that any particular document, testimony, information or tangible item marked "Confidential" contains trade secrets, proprietary business information, competitively sensitive information, personal or private financial information, or health information; or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i. to seek a determination by the Court of whether any particular item of Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective

Order, either generally or as to any particular document, testimony, information or tangible item.

11. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

12. Any documents, testimony, information or tangible item that may be produced by a non-Party witness in discovery in this Proceeding, whether pursuant to subpoena or otherwise, may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

13. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall (except as otherwise prohibited by law or Court order) promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any documents, testimony, information or tangible items pursuant to the Subpoena prior to the date specified for production on the Subpoena.

14. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

15. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the disclosure shall bring all pertinent facts relating to the disclosure of such Confidential Materials to the immediate attention of the Designating Party.

16. In the event anyone shall violate or threaten to violate any terms of this Stipulation and Protective Order, the aggrieved Party may seek damages and injunctive relief, and it shall not be a defense thereto that the aggrieved Party possesses an adequate remedy at law.

17. All persons subject to the terms of this Stipulation and Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Stipulation and Protective Order.

18. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

19. Any Party who seeks to make any document or information designated "Confidential" a part of the record shall file a motion with the Court seeking an order permitting the document to be filed under seal. If the Court should deny any such motion, the parties shall use their good-faith efforts to protect the "Confidential" information pursuant to this Stipulated Protective Order. A Party seeking to seal documents shall submit a separate memorandum of points and authorities that presents articulated facts identifying compelling reasons for non-disclosure that are sufficient to overcome the strong presumption of public access to information in a court proceeding. Any application to seal documents shall be served on opposing counsel

together with the documents proposed to be filed under seal. Such service on opposing counsel shall be made timely so as to allow opposing counsel ample time to respond without causing a delay in the preceding.

20. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

21. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Materials.

22. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

23. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, one copy of each pleading filed with the Court, and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any documents, testimony, information or tangible items not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Confidential Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

24. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

25. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

IT IS SO STIPULATED.

Dated this 24th day of October, 2019.

| DAVID J. WINTERTON & ASSOCIATES, LTD | McDONALD CARANO LLP |
|---|---|
| By: */s/ David J. Winterton*<br>David J. Winterton, Esq. (NSBN 4142)<br>7881 W. Charleston Blvd., Suite 220<br>Las Vegas, Nevada 89117<br>david@davidwinterton.com | By: */s/ Amanda M. Perach*<br>Kristen Gallagher, Esq. (NSBN 9561)<br>Amanda Perach, Esq. (NSBN 12399)<br>2300 West Sahara Avenue, Suite 1200<br>Las Vegas, Nevada 89102<br>kgallagher@mcdonaldcarano.com<br>aperach@mcdonaldcarano.com |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

10/29/19
_____
DATED

# EXHIBIT A

## CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the proceeding entitled <u>Christopher Basile adv. Kirsten Novak</u>, Case No. 2:19-cv-00429-JAD-BNW. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order, I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. Unless otherwise provided in the Stipulation and Protective Order, I will not use Confidential Materials obtained pursuant to this Protective Order for any purpose other than the prosecution, defense and/or settlement of this proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in this proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials or otherwise disposed of pursuant to the terms of the Stipulation and Protective Order.

I declare under penalty of perjury, under the laws of the State of _____, that the foregoing is true and correct. Executed this _____ day of _____, 2019, at _____ _____.

BY:

Name: _____
Title: _____
Address: _____
_____
Telephone: _____